UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


JOSEPH SIMMONS                                          CIVIL ACTION

VERSUS                                                  NO. 06-3720

JUDGE MARY "KK" NORMANE                                 SECTION "F" (2)


## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, Joseph Simmons, filed this complaint pro se and in forma pauperis against City of New Orleans First City Court Judge Mary "KK" Normane (actually Norman). Simmons alleges that on June 1, 2005, he was involved in a small claims trial before Judge Norman "suing a prominent lawyer." The complaint alleges that Judge Norman "refused to take any evidence" that plaintiff attempted to submit at the trial and that the judge's behavior at trial "made me feel she was not being impartial." The complaint further alleges that Judge Norman took plaintiff's case under advisement for two weeks and then rendered "an unfavorable decision of no evidences (sic)." The

complaint concludes by asserting that plaintiff is asserting a "complaint of judicial misconduct and financial relief" in this court.  Complaint at p. 1.

A pro se complaint filed in forma pauperis shall be dismissed "at any time" if the court determines that it is frivolous or that it fails to state a claim on which relief may be granted or if it "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous "if it lacks an arguable basis in law or fact."  Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges . . . the authority to dismiss a claim based on an indisputably meritless legal theory, . . .'"  Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"  Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; . . ."  Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).  An in forma pauperis complaint which is legally frivolous, fails to state

a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2)(B).

In this case, plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e), either as frivolous because it lacks an arguable basis in law, or under Rule 12(b)(6) because it fails to state a cognizable claim under the broadest reading,[1] or because it seeks monetary relief against an immune defendant.

First, to the extent that plaintiff seeks "financial relief," his claims against Judge Norman are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716

---

[1]Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

(7th Cir. 1993); <u>Mays</u>, 97 F.3d at 110-11.  Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction.  <u>Id.</u> at 111; <u>Dayse v. Schuldt</u>, 894 F.2d 170, 172 (5th Cir. 1990); <u>Freeze v. Griffith</u>, 849 F.2d 172, 175 (5th Cir. 1988).

Simmons's claim against Judge Norman clearly arises from actions taken by the judge in connection with plaintiff's small claims proceedings in the New Orleans First City Court, actions well within the judge's jurisdiction and clearly a function of her judicial role.  Plaintiff's complaint essentially is that he disagrees with Judge Norman's decision and believes she did not act impartially.  His remedy is to seek review of that order in the appropriate Louisiana appellate court, <u>not</u> to file a complaint for damages in this court against a defendant whose status renders her legally immune from such a lawsuit.

For the foregoing reasons, even if plaintiff's allegations were treated as true for present purposes only, his claim is based on a meritless legal theory, he fails to state a claim upon which relief can be granted, and it is asserted against a defendant who is immune from the requested relief.  Thus, all claims against Judge Normane must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Second, plaintiff's complaint also states that it is being submitted in this court as a "complaint of judicial misconduct." This court has no authority to consider complaints of judicial misconduct against state court or municipal judges. Such authority rests

4

exclusively with state officials, presumably the Louisiana State Judiciary Commission, pursuant to La. Const. Art. 5, § 25.

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted, or because it seeks monetary relief against an immune defendant under 28 U.S.C. § 1915(e)(2)(B).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __14th__ day of July, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

5